1  ANN K. JOHNSTON, ESQ. (SBN 145022)
   BERGER KAHN
2  A Law Corporation
   7200 Redwood Boulevard, Suite 325
3  Novato, CA 94945
   Tel: (415) 899-1770 • Fax: (415) 899-1769
4
   Attorneys for Defendant
5  HARTFORD CASUALTY INSURANCE COMPANY
6
                                            E-filing
7
8              UNITED STATES DISTRICT COURT
9       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO
10
11 ROMAN KOROLEV,                    CASE NO. CV 08 3809
12              Plaintiffs,          NOTICE OF REMOVAL OF CIVIL
13 vs.                              ACTION UNDER 28 U.S.C. § 1441(b)
14 HARTFORD CASUALTY               DATE ACTION FILED:    7/14/2008
   INSURANCE COMPANY and DOES      TRIAL DATE:           Not Set
15 1 through 50, inclusive,
16              Defendants.
17
18 TO THE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE
19 NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION:
20      Defendant Hartford Casualty Insurance Company (hereinafter "Hartford")
21 hereby removes to this Court pursuant to 28 U.S.C. section 1441(b), the state court
22 action described below.
23      1.      On July 14, 2008, Plaintiff Roman Korolev filed an action in the
24 Superior Court of the State of California in and for the County of Marin, entitled
25 *Korolev v. Hartford Casualty Insurance Company,* Case No. CV 083419.  A copy
26 of the following pleadings in the action and other documents are attached hereto:
27              Exhibit A, 7/14/2008 Complaint
28              Exhibit B, 7/14/2008 Summons

BERGER KAHN
A Law Corporation
7200 Redwood Blvd, Suite 325
Novato, CA 94945

1               Exhibit C, 7/14/2008 Notice of Case Management Conference

2               Exhibit D, 8/8/2008 Answer to Complaint

3         2.     On July 15, 2008, Plaintiff's Summons and Complaint were

4    personally served on Hartford Casualty Insurance Company.

5         3.     This action is a civil action of which this Court has original

6    jurisdiction under the provisions of 28 U.S.C. section 1332, and is one which may

7    be removed to this Court by Hartford pursuant to 28 U.S.C. section 1441(b), in that

8    it is a civil action between citizens of different states and the matter in controversy

9    exceeds $75,000, exclusive of interest and costs. Complaint, 8:2. Plaintiff's

10    Complaint alleges three causes of action: (1) breach of contract; (2) breach of the

11    implied covenant of good faith and fair dealing; and (3) declaratory relief.

12         4.     Plaintiff's Complaint alleges that Plaintiff is a citizen of the State of

13    California. Complaint, 1:19. Plaintiff's Complaint alleges Hartford is a New

14    Jersey corporation. Complaint: 1:23. Hartford was, at the time of the filing of this

15    action, and still is, a corporation incorporated under the laws of the State of

16    Indiana, with its principal place of business in the State of Connecticut.

17    DATED: August 11, 2008

                                      BERGER KAHN

18                                          A Law Corporation

19

20                               By:

21                                  ANN K. JOHNSTON

                              Attorneys for Defendant

22                                  Hartford Casualty Insurance Company

23

24

25

26

27

28

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

Notice of Removal of Civil Action                     Case No. _____

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by Berger Kahn, A Law Corporation, whose business address is: 7200 Redwood Boulevard, Suite 325, Novato, CA 94945 ("the firm").

On August 11, 2008, I served the within document(s) described as: **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 141(b)** on the interested parties in this action by placing true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

Robert H. Staley, Esq.
Epstein, Englert, Staley & Coffey
425 California Street, 17th Floor
San Francisco, CA  94104
Tel: 415-398-2200
Fax: 415-398-6938

☐    **BY MAIL**(C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mail room in our offices.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Novato, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐    **BY FAX** (C.C.P. § 1013(a), (e); CRC 2008)–by transmitting said document(s) by electronic facsimile at approximately       .m. at 7200 Redwood Boulevard, Suite 325, Novato, California  94945, to the respective facsimile number(s) of the party(ies) as stated on the attached mailing list.   The facsimile machine I used complied with California Rules of Court, rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, rule 2008(e), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☒    **BY OVERNIGHT MAIL**(C.C.P. § 1013(c))–I placed said envelope(s) for collection by ***Federal Express/Golden State Overnight***, following ordinary business practices, at the business offices of Berger Kahn for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service.  It is deposited with said overnight mail service on that same day in the ordinary course of business.  I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

☐    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED**–I served the within document(s) by placing ☐ the original ☐ true copy(ies) thereof enclosed in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage

thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 7200 Redwood Boulevard, Suite 325, Novato, California 94945.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing by Certified Mail, Return Receipt Requested, with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope(s) is more than one day after the date of deposit for mailing contained in this affidavit.

☐  **BY PERSONAL SERVICE**(C.C.P. § 1011(a))–I delivered such envelope(s) by hand to the offices of the addressee(s).

☐  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 11, 2008, at Novato, California.

_Marla Tom_

MARLA TOM

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

4

Notice of Removal of Civil Action                    Case No. _____

# EXHIBIT A

1   ROBERT H. STALEY (SBN # 122101)
2   EPSTEIN, ENGLERT, STALEY & COFFEY
3   425 California Street, 17th Floor
    San Francisco, CA 94104
4   Tel (415) 398-2200
    Fax (415) 398-6938
5
    Attorneys for ROMAN KOROLEV
6

**LAW DEPARTMENT**

JUL 1 7 08

**RECEIVED**

**FILED**

JUL 1 4 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF MARIN

9   ROMAN KOROLEV,                    Case No.  CV   083419

10                                    COMPLAINT FOR BAD FAITH; BREACH
                 Plaintiff,           OF CONTRACT; BREACH OF THE
11                                    IMPLIED COVENANT OF GOOD FAITH
         v.                           AND FAIR DEALING; and
12                                    DECLARATORY RELIEF
    HARTFORD CASUALTY INSURANCE
13  COMPANY and DOES 1 through 50, inclusive,

14               Defendant.                      **BY FAX**

15

16      Plaintiff ROMAN KOROLEV hereby alleges as follows:

17                    **GENERAL ALLEGATIONS**

18      1.      ROMAN KOROLEV ("KOROLEV") is, and at all times relevant hereto was, a

19  citizen of California, engaged in the business of furniture restoration in the County of Marin. At

20  all times relevant hereto, KOROLEV operated a furniture restoration business at 15-17 Joseph

21  Court, San Rafael, California (the "Premises").

22      2.      Defendant HARTFORD CASUALTY INSURANCE COMPANY

23  ("HARTFORD") is, and at all times relevant hereto was, a New Jersey Corporation, licensed to

24  do business as an insurer in the State of California and doing business in the County of Marin.

25      3.      William John Thompson is, and at all times relevant hereto was a California

26  resident, licensed to do business as an insurance broker in the State of California and doing

27  business in the State of California and County of Marin as Northern California Silver Creek

28  Insurance Agency ("Silver Creek").

                                    1

4.     Defendants DOES 1-50, inclusive, are the fictitious names of those defendants whose true names are unknown to KOROLEV and whose true capacities, whether as individuals, corporations, partnerships, joint ventures, and/or associations are also unknown to KOROLEV and when such true names are ascertained, KOROLEV will amend this Complaint by inserting said true names in place of said fictitious names in accordance with Code of Civil Procedure.

5.     KOROLEV is informed and believes and thereon alleges that at all relevant times herein each defendant was the principal, agent, joint venturer, partner, parent, subsidiary, employee, or director of each other defendant and acted within the course and scope of that relationship.

6.     On or about May 10, 2006, KOROLEV purchased, through Silver Creek, HARTFORD Policy No. 57 SBM BMZ9253, ("the Policy"), a "Business Owners Policy" which KOROLEV is informed and believes consists of a Commercial General Liability policy and a Property Policy that includes business interruption coverage. KOROLEV purchased the Policy to insure his furniture restoration business operations and the Premises. The policy period incepted on May 10, 2006 and is renewable on an annual basis.

7.     On or about April 5, 2006, KOROLEV paid the initial premium for the Policy in accordance with the instructions of Silver Creek by faxing to Silver Creek a check made payable to Silver Creek in the amount of $650.00.

8.     After tendering the premium, KOROLEV received a Certificate of Insurance for the Policy, a true and correct copy of which is attached hereto as <u>Exhibit A</u> and incorporated herein by reference. KOROLEV's only copy of the Policy itself was destroyed in the fire at the Premises that is the loss underlying this suit. Despite multiple written requests, HARTFORD has not provided KOROLEV with another copy the Policy.

9.     On or about April 10, 2007, KOROLEV attempted to renew, and as far as he was aware, did renew the Policy for another year by faxing a check for the premium to Silver Creek in the same manner as when he paid for the initial premium.

10.     Prior to March 1, 2008, HARTFORD never notified KOROLEV that the renewal

2

1  payment had not been received by HARTFORD, that the Policy would be cancelled unless

2  payment was received, or that that Policy had been cancelled for lack of payment. At all times

3  prior to the fire which is the subject of suit, KOROLEV was led to believe that the Policy was in

4  full force and effect.

5      11.    On or about March 1, 2008, a fire broke out at the Premises, injuring KOROLEV,

6  destroying his business equipment, furnishings, and other possessions, destroying numerous

7  pieces of furniture belonging to his clients, and damaging the Premises. KOROLEV is informed

8  and believes that the fire also damaged other leased spaces and disrupted other business

9  operations located within the building.

10     12.    Immediately following the fire, and while in the hospital being treated for burns

11 suffered in the fire, KOROLEV asked Silver Creek to provide him evidence of his insurance

12 coverage for the fire and Silver Creek sent him a Certificate of Insurance purportedly confirming

13 his insurance coverage, a true and correct copy of which is attached hereto as Exhibit B.

14 KOROLEV then tendered the fire claim to HARTFORD and Silver Creek. The tender was

15 initially made orally and subsequently in writing.

16     13.    In response to his oral and written tenders, HARTFORD orally informed

17 KOROLEV that the Policy had been cancelled as a result of non-payment of the premium.

18 However, HARTFORD never provided KOROLEV with a formal written denial of coverage,

19 and never advised KOROLEV of his right to contest HARTFORD's denial of coverage.

20     14.    After tendering his claim, KOROLEV received a notice of claim from Farmers

21 Insurance dated April 22, 2008, relating to damages it allegedly paid to neighboring business

22 Eduardo's Restaurant in the amount of $67,682.59 as a result of the fire. KOROLEV also

23 received a notice of claim from Allied Insurance dated March 24, 2008, relating to damages it

24 allegedly paid to KOROLEV's landlords Donald and Brenda MacLean in the amount of

25 $71,543.16 as a result of the fire. Without admitting the truth of any claims contained therein,

26 KOROLEV timely and in writing tendered these claims to HARTFORD under the Policy. True

27 and correct copies of the Farmers Insurance and Allied Insurance claim notices are attached

28

3

1    hereto as Exhibits C & D, respectively, and are incorporated herein by reference.

2        15.    As of the date of filing, HARTFORD has failed to acknowledge receipt of the

3    claim notices from Allied and Farmers, and has likewise failed to acknowledge its contractual

4    responsibility to indemnify KOROLEV for the alleged losses.

5        16.    On March 25, 2008, KOROLEV, through his counsel, wrote to HARTFORD and

6    requested a copy of the Policy, as well as a copy of HARTFORD' file relating to the Policy,

7    including all correspondence related to the Policy. In the same letter of March 25, 2008,

8    KOROLEV advised HARTFORD that KOROLEV had never received a notice of Policy

9    cancellation from HARTFORD and asked HARTFORD to review the Policy records and verify

10   the status of the Policy. As of the date of filing, HARTFORD has failed to comply with this

11   request.

12       17.    Receiving no response, KOROLEV, through his counsel, renewed his request for

13   a copy of the Policy and the related file in writing a second time on May 8, 2008, a third time on

14   June 2, 2008, a fourth time on June 10, 2008, and a fifth time on June 23, 2008. As of the date of

15   filing, HARTFORD has failed to acknowledge or comply with any of KOROLEV's multiple

16   written requests for a copy of the Policy and the related file.

17       18.    On March 25, 2008, KOROLEV, through his counsel, wrote to Silver Creek and

18   requested a copy of its file related to the Policy.

19       19.    On or about April 20, 2008, KOROLEV received a copy of Silver Creek's file

20   related to his Policy. The file does not contain a notice of cancellation mailed to KOROLEV. It

21   does contain a June 12, 2007 letter from HARTFORD to "ROMAN KOROLVE" and the

22   recipient's address is identified as "675 N FIRST ST SUITE 690, SAN JOSE, CA 95112." The

23   letter indicates that it was carbon copied to "ART HOLLINGSWORTH INS SVCS/PHS." No

24   other recipients or addressees are identified in that letter. The letter states that HARTFORD had

25   "initiated cancellation for nonpayment of premium" of KOROLEV's policy, and advised that,

26   "because we believe you may want to maintain this important protection, we are offering to

27   reinstate your coverage as of the cancellation effective date if we receive your premium payment

28

4

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

1  of $410.00 before 07/02/07. If we receive your payment before this date, we will rescind this

2  cancellation, reinstate your policy and continue your coverage without interruption." A true and

3  correct copy of the HARTFORD letter dated June 12, 2007 and obtained from the Silver Creek

4  file is attached hereto as Exhibit E and is incorporated herein by reference.

5       20.    Enclosed with the June 12, 2007 HARTFORD letter is a document entitled

6  "NOTICE OF CANCELLATION (California)" which identifies the "NAME AND ADDRESS

7  OF INSURED" as "ROMAN KOROLVE, 675 N FIRST ST SUITE 690, SAN JOSE, CA 95112

8  and identifies the "NAME AND ADDRESS OF AGENT/BROKER" as "ART

9  HOLLINGSWORTH INS SVCS/PHS, 101 GOLF COURSE DRIVE STE 200, ROHNERT

10  PARK CA 94928." A true and correct copy of the "NOTICE OF CANCELLATION

11  (California)" is attached hereto as Exhibit F and is incorporated herein by reference.

12       21.    At all times relevant hereto, KOROLEV's address was 15-17 Joseph Court, San

13  Rafael, California, not 675 N First St., Suite 690, San Jose, CA. KOROLEV is informed and

14  believes that at all times relevant hereto that "675 N FIRST ST SUITE 690, SAN JOSE, CA

15  95112" was and is the mail address for Silver Creek.

16       22.    KOROLEV never received or had any knowledge of the June 12, 2007

17  HARTFORD letter or the enclosed Notice of Cancellation, which HARTFORD addressed to two

18  separate insurance brokers but not to him. Consequently, HARTFORD failed to notify

19  KOROLEV of its intent to cancel the Policy.

20       23.    On May 8, 2008, KOROLEV, through his counsel, notified HARTFORD that its

21  June 12, 2007 letter with the enclosed Notice of Cancellation was sent to the wrong address and

22  never received by KOROLEV, and sent HARTFORD a copy of the Notice of Cancellation with

23  the wrong addresses. The fax confirmation sheet notes that the fax was properly transmitted.

24  HARTFORD never acknowledged receipt of the fax or responded. When KOROLEV, through

25  counsel, followed up for a response, HARTFORD denied having received the May 8, 2008 fax.

26  On May 15, 2008, KOROLEV, through his counsel, again sent HARTFORD the improperly-

27  addressed Notice of Cancellation – this time by email. Again, HARTFORD failed to respond or

28

5

1    acknowledge receipt of the email.

2        24.    On May 20, 2008, KOROLEV, through his counsel, asked HARTFORD to

3    confirm receipt of the email of May 15, 2008.  On May 20, 2008, HARTFORD claims adjuster

4    Karen Lee acknowledged receipt of the May 15, 2008 email and wrote, "I will get back to you in

5    regards to the status by early next week." Neither Karen Lee nor any other HARTFORD

6    representative responded to KOROLEV's counsel the following week.

7        25.    On June 2, 2008, KOROLEV, through his counsel, notified HARTFORD in

8    writing that 1) it had failed to provide any response or any status update as it had promised; and

9    2) that a lawsuit against HARTFORD would be filed after June 6, 2008 unless HARTFORD

10   either agreed to provide coverage to KOROLEV under the Policy or explain in writing why it

11   was not obligated to do so. HARTFORD failed to respond.

12       26.    On June 10, 2008, KOROLEV, through his counsel, again notified HARTFORD

13   in writing that it failed to either provide coverage under the Policy or explain why it was not

14   obligated to do so, and asked for an update in writing by June 11, 2008, as to all actions

15   HARTFORD has taken to investigate this matter and what remained to be done to reach a

16   coverage determination, as well as an update on the status of the previous unanswered requests.

17   HARTFORD failed to respond.

18       27.    Despite KOROLEV's prompt tender and diligent efforts to have HARTFORD

19   verify his entitlement to coverage under his Policy and California law, HARTFORD has

20   wrongfully and unreasonably 1) orally denied coverage for the loss; 2) failed to advise

21   KOROLEV of his legal rights to challenge its initial oral denial of coverage; 3) wrongfully and

22   unreasonably failed to promptly investigate KOROLEV's reasonable assertion that he was not

23   provided the Notice of Cancellation; 4) failed and refused to acknowledge responsibility to

24   resolve the claims asserted against KOROLEV by Farmers Insurance and Allied Insurance; 5)

25   failed and refused to provide KOROLEV a copy of his own Policy despite multiple written

26   requests; 6) failed to acknowledge and respond reasonably promptly to KOROLEV's

27   communications; and 7) failed to acknowledge KOROLEV's entitlement to coverage under the

28

                                        6

1   Policy after it became clear that KOROLEV was not sent the Notice of Cancellation or given

2   advance notice that HARTFORD had not received his premium payment.

I.

### FIRST CAUSE OF ACTION

(Breach of Written Contract as Against HARTFORD)

6       28.     KOROLEV hereby incorporates by reference the allegations contained in the

7   proceeding paragraphs as though fully set forth herein.

8       29.     At all times herein mentioned HARTFORD, orally and in writing, in the Policy

9   and through advertising and sales materials, brochures, pamphlets and booklets, represented that

10  claims submitted under said insurance policies would be indemnified.

11      30.     At all times herein mentioned the Policy was issued for good and valuable

12  consideration and said Policy was kept in full force and effect by reason of the fact that

13  KOROLEV paid the initial premium on said Policy, HARTFORD accepted payment of the

14  premium, and HARTFORD did not provide notice of cancellation of the Policy in compliance

15  with Insurance Code section 677.2.

16      31.     KOROLEV has performed all conditions, covenants and promises required of him

17  in accordance with the terms and conditions of the Policy.

18      32.     HARTFORD was timely notified, orally and in writing, of the losses incurred by

19  KOROLEV and the claims being asserted by third parties, and was requested to indemnify

20  KOROLEV for his losses and the claims of damage by the third parties.

21      33.     At all times herein mentioned HARTFORD was, pursuant to the terms of the

22  Policy and California law, obligated to honor the aforementioned tenders of indemnity by

23  KOROLEV.

24      34.     HARTFORD materially breached its contractual obligations under the Policy by

25  its actions and failure to act as alleged above.

26      35.     As a direct and proximate result of HARTFORD's material breach of the Policy,

27  KOROLEV has been damaged and continues to be damaged in an amount equal to the benefits

28

7

1    due under the Policy, together with interest thereon, all in an amount to be proven at trial but in

2    no event less than $150,000, as well as other costs and expenses, including attorney's fees

3    incurred because of the necessity of bringing this legal action to recover the benefits due under

4    the Policy. WHEREFORE, KOROLEV prays for judgment as set forth below.

5                                          II.

6                              SECOND CAUSE OF ACTION
     (Bad Faith Breach of the Implied Covenant of Good Faith and Fair
7                         Dealing as against HARTFORD)

8        36.    KOROLEV hereby incorporates by reference the allegations contained in the

9    proceeding paragraphs as though fully set forth herein.

10       37.    The Policy includes an implied covenant of good faith and fair dealing whereby

11   HARTFORD impliedly covenanted that it would deal with KOROLEV fairly and honestly and

12   do nothing to impair, interfere with, hinder or potentially injure his rights to receive the benefits

13   of the Policy.

14       38.    HARTFORD breached the covenant of good faith and fair dealing owed to

15   KOROLEV by its conduct, including, but not limited to, the following:

16           a.    Unreasonably and consciously refusing to honor KOROLEV's tender of

17       the losses under the Policy, knowing that the failure to properly honor KOROLEV's

18       tender was contrary to established law and the terms of the Policy;

19           b.    Unreasonably and consciously refusing to honor KOROLEV's request for

20       indemnity once it became clear that KOROLEV's right to the benefits under the Policy

21       was and is valid;

22           c.    Unreasonably and consciously failing to advise KOROLEV of his legal

23       right to challenge its initial denial of coverage, knowing that its failure to do so was

24       contrary to established law and the terms of the Policy;

25           d.    Unreasonably and consciously refusing to provide KOROLEV a copy of

26       his own Policy, despite multiple requests, knowing that its failure to do so was contrary

27       to established law and the terms of the Policy;

28

                                          8
     COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
                  FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

1          e.     Unreasonably and consciously failing to properly and timely investigate

2    KOROLEV's claim carefully, honestly, fairly and with due care;

3          f.     Refusing to proceed with an adequate and prompt investigation of the

4    liability claims asserted against KOROLEV by Allied Insurance and Farmers Insurance;

5          g.     Unreasonably and consciously failing to acknowledge and respond

6    reasonably and promptly to communications and requests for documents and information

7    from KOROLEV.

8          h.     Unreasonably and consciously failing to process diligently and honor

9    KOROLEV's request for indemnity, thereby causing KOROLEV to incur detriment to

10   his business interests and subjecting KOROLEV to the exposure to liability claims

11   asserted by Allied Insurance and Farmers Insurance; and

12       39.    As a direct and proximate result of HARTFORD's bad faith breach of the implied

13   covenant of good faith and fair dealing KOROLEV has been damaged in an amount to be

14   determined at trial. KOROLEV'S damages include, without limitation, the amount of the lost

15   benefits under the Policy, the injury to KOROLEV's business interests, the emotional distress he

16   has endured as a result of HARTFORD's invalid denial of coverage and unconscionable delay in

17   evaluating and responding to evidence establishing his coverage, and the attorneys' fees and

18   other costs incurred because of the necessity of bringing this action to recover the benefits due

19   under the Policy.

20       40.    HARTFORD's failure to honor KOROLEV's tender related to the fire was

21   without just or reasonable cause, and HARTFORD knew or should have known that its actions

22   were contrary to California law and the terms and conditions of the Policy.

23       41.    In breaching the covenant of good faith and fair dealing, HARTFORD acted

24   willfully, fraudulently, maliciously, oppressively, with conscious disregard of KOROLEV's

25   rights and with the intent to vex, annoy, harass and injure KOROLEV and, therefore,

26   KOROLEV is entitled to recover for exemplary damages in an amount sufficient to deter similar

27   conduct in the future by HARTFORD.

28

1　　　WHEREFORE, KOROLEV prays for judgment as set forth below.

2　　　　　　　　　　　　　　　　III.

3　　　　　　　　　　　**THIRD CAUSE OF ACTION**

4　　　　　　　　　(Declaratory Relief as Against HARTFORD)

5　　　　　42.　　KOROLEV hereby incorporates by reference the allegations contained in the

6　　proceeding paragraphs as though fully set forth herein.

7　　　　　43.　　An actual controversy exists between KOROLEV and HARTFORD concerning

8　　whether the Policy was properly cancelled in accordance with California law, and KOROLEV's

9　　rights to coverage under the Policy for the losses and claims arising out of the fire at the

10　　Premises. KOROLEV contends that the Policy was not cancelled, that it remained in force and

11　　effect at the time of the fire, that it provided coverage for the claims arising out of the fire,

12　　including the claims asserted by Farmers Insurance and Allied Insurance, as well as business

13　　interruption coverage for KOROLEV, and that KOROLEV is entitled to all benefits due under

14　　the terms and conditions of the Policy. On the other hand, HARTFORD contends that the Policy

15　　was cancelled and that KOROLEV is not entitled to coverage of any kind under the Policy.

16　　　　　44.　　KOROLEV desires a judicial determination of his rights and obligations,

17　　including 1) a determination that the Policy was not cancelled and remained in force and effect at

18　　the time of the fire; 2) a determination of the scope of coverage under the Policy, including the

19　　fact that it includes coverage for business interruption; 3) and a determination that the Policy

20　　does in fact provide coverage for the losses and claims arising out of the fire at the Premises,

21　　including without limitation the claims asserted by Farmers Insurance and Allied Insurance are

22　　covered under the Policy.

23　　　　　45.　　A judicial declaration is necessary and appropriate at this time under the

24　　circumstances in order that KOROLEV may ascertain his rights to obtain coverage under the

25　　Policy for the claims and losses arising out of the fire at the Premises.

26

27

28

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

1    WHEREFORE, KOROLEV prays for judgment as set forth below.

2

3                                    **PRAYER**

4    KOROLEV prays for judgment against HARTFORD as follows:

5        1.    For compensatory damages according to proof;

6        2.    For attorney's fees and costs incurred in the instant action;

7        3.    For interest to be calculated from the date of the breach of contract;

8        4.    For exemplary damages in a sum sufficient to deter similar misconduct in the

9    future;

10        5.    For a judicial declaration of the parties' rights and obligations, including 1) a

11   determination that the Policy was not cancelled and remained in force and effect at the time of

12   the fire; 2) a determination of the scope of coverage under the Policy, including the fact that it

13   includes coverage for business interruption; 3) and a determination that the Policy does in fact

14   provide coverage for the losses and claims arising out of the fire at the Premises, including

15   without limitation the claims asserted by Farmers Insurance and Allied Insurance.

16        6.    For such other and further relief from all defendants as the Court may deem just

17   and proper.

18

19   DATED: July 14, 2008                    EPSTEIN, ENGLERT, STALEY & COFFEY,
                                             A Professional Corporation
20

21                                          By: _____
                                               Robert H. Staley
22                                             Attorneys for Plaintiff
                                               ROMAN KOROLEV
23

24

25

26

27

28

                                        11
─────────────────────────────────────────────────────────────────
COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

# Exhibit A

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
05/10/2006

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

**PRODUCER**
Silver Creek Insurance
675 N. First St., Suite 690
San Jose, CA 95112
408-998-7300

| INSURERS AFFORDING COVERAGE | NAIC# |
|---|---|
| INSURER A: HARTFORD CASUALTY | |
| INSURER B: | |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |

**INSURED**
ROMAN A. KOROLEV

17 JOSEPH CT
SAN RAFAEL, CA 94903
415-479-3664

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | **GENERAL LIABILITY** X COMMERCIAL GENERAL LIABILITY  CLAIMS MADE  X OCCUR | 57 SBM BZ9253 | 05/10/06 | 05/10/07 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $300,000 |
| | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER:  POLICY  PRO-JECT  LOC | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | **AUTOMOBILE LIABILITY**  ANY AUTO  ALL OWNED AUTOS  SCHEDULED AUTOS  HIRED AUTOS  NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY**  ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN   EA ACC | $ |
| | | | | | | AUTO ONLY:   AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY**  OCCUR  CLAIMS MADE | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | DEDUCTIBLE | | | | | $ |
| | | RETENTION   $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS   OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | OTHER | | | | | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)                                                    © ACORD CORPORATION 1988

# Exhibit B

Mar 04 08 12:45p                              4089987373                       p.1

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
03/04/2008

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | | |
|---|---|---|---|
| Silver Creek Insurance | | | |
| 675 N. First St., Suite 690 | | | |
| San Jose, CA 95112 | | | |
| 408-998-7300 | INSURERS AFFORDING COVERAGE | | NAIC# |
| INSURED  ROMAN A. KOROLEV | INSURER A: HARTFORD CASUALTY | | |
| | INSURER B: | | |
| 17 JOSEPH CT | INSURER C: | | |
| SAN RAFAEL, CA 94903 | INSURER D: | | |
| 415-479-3664 | INSURER E: | | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ 1,000,000 |
| | X | X COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 300,000 |
| A | X | CLAIMS MADE  X  OCCUR | 57 SBA AV0415 | 05/10/07 | 05/10/08 | MED EXP (Any one person) | $ 10,000 |
| | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | POLICY  PRO-JECT  LOC | | | | | |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ANY AUTO | | | | | |
| | | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | SCHEDULED AUTOS | | | | | |
| | | HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ANY AUTO | | | | OTHER THAN  EA ACC | $ |
| | | | | | | AUTO ONLY:  AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | OCCUR  CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | DEDUCTIBLE | | | | | $ |
| | | RETENTION  $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | WC STATU-  OTH-  TORY LIMITS  ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

DONALD MACLEAN AND BRENDA MACLEAN ARE LISTED AS ADDITIONAL INSURED AND
CERTIFICATE HOLDERS ON THE ABOVE POLICY.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| DONALD MACLEAN | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. |
| BRENDA MACLEAN | |
| 17 JOSEPH COURT | |
| SAN RAFAEL, CA 94903 | AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)                                                      © ACORD CORPORATION 1988

Exhibit C

 **FARMERS**

National Document Center
P.O. Box 268992
Oklahoma City, OK 73126-8992
claimsdocuments@farmersinsurance.com
Fax : 877-217-1389

04/22/2008
Roman Korolev
10 Professional Center Parkway #5
San Rafael, CA 94903

Re: Our Insured:          - Eduardos Restaurant
Loss Date:                03/01/2008
Claim Number:             099 SUB 1011678128-1
Total Amount Owed:        $67,682.59

Dear Roman Korolev:

A review of the facts of the loss indicated that our insured is entitled to recover damages from you. Therefore, we have the right to make claim for these damages on our insured's behalf.

This letter is to notify you of our subrogation rights and to advise you that no one has the authority to give you a release for our interest except a representative of this company. If you carried liability insurance to protect you for such losses, we shall present our claim to your company. Please complete the following information and return to us:

Insurance Carrier: _____
Policy Number: _____Claim Number: _____
Contact Name: _____ Phone: (_____)_____

If you did not carry insurance, we will look to you for payment of our claim. Please be aware that no partial payment that is less than the full amount claimed herein will be considered in any way an acceptance of benefits, a notation or accord and satisfaction of this claim without an express written release of our claim executed by an individual who is a member of our subrogation department. Therefore, our legal rights to enforce collection on the remaining amount of claim shall not be waived or estopped due to a partial payment by you or someone acting on your behalf.

Sincerely,
Truck Insurance Exchange

*Robin Butler*

Robin Butler
Commercial Property Claims Representative
512-533-8834
robin.butler@farmersinsurance.com

Exhibit D

Apr 02 08 12:33p    User1        *Korlev*        4154793664        p.1



# Allied
Insurance
a Nationwide® company
On Your Side®

Nationwide Mutual Insurance Company
Pacific Coast Regional Office
3820 109th St Dept 5577
Des Moines, IA 50391-5577
Phone: 800-552-2437/Fax: 800-742-1341

MARCH 24, 2008

25878
WHITECAP INSURANCE SERVICES
SAN RAFAEL CA 94901-1838

Return to:

ROMAN A KORLEV

10 PROFESSIONAL CENTER PKWY #5
SAN RAFAEL, CA 94903

71    CJH
MAIL DISTRIBUTION DEPT.
P O BOX 10405
DES MOINES IA 50306-9475
lıldılllıııılldllıımllıldıdılıllıddlııtll

-------------------------------------- fold here --------------------------------------

Claim No.: 84P20236
Our Insured: DONALD MACLEAN
             BRENDA MACLEAN
Date of Loss: 03/01/08
Location of Loss: 4200 REDWOOD HWY, SAN RAFAEL, CA

The insured named above has their insurance through this company for the loss they incurred on the above date. The insurance policy subrogation provision allows us to collect payments we make to our insured from the individual at fault. Our investigation indicates that the damages resulted from A FIRE IN YOUR UNIT

The total amount of damages for this claim is $ PENDING    . Our company has made payment to our insured in the amount of $ 71543.16    . Our insured has paid $500.00    , which represents their deductible under the provisions of their policy.

Please return this letter to our office with the statement completed regarding your insurance coverage. For your convenience, we have furnished a postage-paid envelope to assist you in returning this form.

If you have insurance, we will communicate with your insurance carrier for repayment. If you do not have insurance, please contact this office to make arrangements for repayment.

If you have any questions, please call using the toll-free number listed above. Thank you for your cooperation and assistance.

FOREST DEJONG PRO 707-664-8184
Claim Department, ext.
Nationwide Mutual Insurance Company

## STATEMENT OF INSURANCE COVERAGE

☐ I do not carry any insurance which may apply

☐ My Insurance Company is: _____

          Policy No: _____

        Agent Name: _____

      Agent Address: _____

    Agent Phone No: _____

Signature: _____    Date: _____

11631 (07-03)

Exhibit E

The Hartford
Commercial Billing
P.O. Box 620
New Hartford NY 13413-6200



THE
HARTFORD

57SBMBZ9253
ROMAN KOROLVE
675 N FIRST ST SUITE 690
SAN JOSE, CA  95112

June 12, 2007

RE:    Account Number:  57 11661406
       Policy Number:   57SBMBZ9253

The Hartford has initiated cancellation for nonpayment of premium of Direct Bill Account Number 57 11661406.

However, because we believe you may want to maintain this important protection, we are offering to reinstate your coverage as of the cancellation effective date if we receive your premium payment of $410.00 before 07/02/07. If we receive your payment before this date, we will rescind this cancellation, reinstate your policy and continue your coverage without interruption.

By choosing the convenience and security of automatic electronic payment withdrawals you can avoid worrying about checks, postage, late payments, late fees and even a lapse in your valuable insurance coverage. Please call our toll free number 1-866-467-8730 Monday through Friday to make payment and sign up for the Repetitive Electronic Payment Program (EFT) or mail payment to:

                    THE HARTFORD
                    P.O.BOX 5556
                    HARTFORD, CT 06102-5556

Please allow for sufficient mailing time for us to receive the payment by the date shown above.

cc:    ART HOLLINGSWORTH INS SVCS/PHS

Exhibit F

## NOTICE OF CANCELLATION
### (California)

| | |
|---|---|
| **NAME AND ADDRESS OF INSURANCE COMPANY**<br>HARTFORD CASUALTY INSURANCE COMPANY<br>HARTFORD PLAZA<br>HARTFORD, CT 06115 | KIND OF POLICY:    **Business Owners** |
| | POLICY/APPLICATION/BINDER NO.:    **57SBMBZ9253** |
| | EFFECTIVE DATE    07/03/07    **12:01 A.M.** |
| **NAME AND ADDRESS OF INSURED**<br>ROMAN KOROLVE<br>675 N FIRST ST SUITE 690<br>SAN JOSE, CA 95112 | OF NOTICE:    DATE    (HOUR STANDARD TIME AT THE ADDRESS OF THE INSURED) |
| | DATE OF MAILING:    **June 12, 2007** |
| | NAME AND ADDRESS    **ART HOLLINGSWORTH INS SVCS/PHS**<br>OF AGENT/BROKER:    **161 GOLF COURSE DRIVE STE 200**<br>**ROHNERT PARK CA 94928** |

(Applicable item marked "X")

**Cancellation**

[X]  You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above.

[X]    Reason for cancellation: Nonpayment of premium

See the "Important Notices" section below for other information that may apply.

**Important Notices**

[ ]  Automobile Assigned Risk Plan Information: Pursuant to Section 652 of the Insurance Code you are hereby notified that:

1. The California Automobile Assigned Risk Plan provides a means by which applicants for automobile bodily injury and property damage liability insurance may be assigned to an insurer authorized to transact liability insurance.

2. If you are unable to procure such insurance through ordinary methods and you are in good faith eligible for such insurance in accordance with the standards of the Plan, it is possible for you to obtain it through the Plan.

3. Application forms for insurance through the Plan may be obtained from and submitted through (a) any licensed insurance agent or broker or (b) the Plan itself at P.O. Box 7917, San Francisco, CA 94120-7917.

[X]  California FAIR Plan Association: You have been notified herewith that this Company will no longer be carrying your insurance. If you wish to replace your policy you should make an effort to obtain insurance through another company in the voluntary market. If you have difficulty in procuring replacement coverage in the voluntary market, you possibly may obtain basic fire insurance coverage through the California Fair Plan Association. Insurance through the Association is available only in certain areas of the state. For further information or assistance in obtaining basic property insurance through the FAIR Plan, please contact your agent or broker or the Plan at 1-213-487-0111 or 1-800-339-4099 (in California only).

*Alice E Smith*
_____
Authorized Representative

# EXHIBIT B

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Hartford Casualty Insurance Company and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Roman Korolev

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

JUL 1 4 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California, County of Marin<br>3501 Civic Center Drive, San Rafael, CA 94903 | CV 083419 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert H. Staley, (Bar # 122101) Epstein, Englert, Staley & Coffey          Phone: (415) 398-2200
425 California Street, Suite 1700, San Francisco, CA 94104                    Fax: (415) 398-6938

| DATE: *(Fecha)* | JUL 1 4 2008 | KIM TURNER, Clerk, by *(Secretario)* | J. DALE | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Hartford Casualty Insurance Company
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

[SEAL]

# EXHIBIT C



**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

**JUL 1 4 2008**

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

| | |
|---|---|
| PLAINTIFF: Roman Korolev | CASE NO. CV083419 |
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: Hartford Casualty Insurance Company | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge __Duryee__
Department __L__. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1.  IT IS ORDERED that the parties/counsel to this action shall:

    a.  Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    Hearing on Failure to File Proof of Service    __9, 23, 08__ 9:00 A.M.

    Hearing on Failure to Answer    __10, 23, 08__ 9:00 A.M.

    b.  Appear for a Case Management Conference on    __12, 4, 08__ 9:00 A.M.

2.  Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3.  You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. Counsel must discuss ADR options with their clients prior to attending the CMC and should be prepared to discuss with the court their authority to participate in ADR.

4.  Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. (A $49.00 sanction will be charged for late filing of a statement.)

    Case Management Statement must be filed by    __11, 17, 08__

5.  All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

# EXHIBIT D

1   ANN K. JOHNSTON, ESQ. (SBN 145022)
2   BERGER KAHN
    A Law Corporation
3   7200 Redwood Boulevard, Suite 325
    Novato, CA 94945
4   Tel: (415) 899-1770 • Fax: (415) 899-1769

5   Attorneys for Defendant
    HARTFORD CASUALTY INSURANCE COMPANY

6

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF MARIN**

10

11   ROMAN KOROLEV,         )   CASE NO. CV 083419   **BY FAX**

12            Plaintiffs,     )   **ANSWER TO COMPLAINT**

13   vs.                   )

14   HARTFORD CASUALTY     )   DATE ACTION FILED:   7/14/2008
    INSURANCE COMPANY and DOES )    TRIAL DATE:          Not Set
15   1 through 50, inclusive,      )

16            Defendants.     )

17   _____)

18

19       COMES NOW Defendant Hartford Casualty Insurance Company (hereinafter

20   referred to as "Defendant"), and answers Plaintiff's Complaint, on behalf of itself and

21   itself alone as follows:

22                        **GENERAL DENIAL**

23       Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant

24   denies, generally and specifically, each and every allegation of the Complaint and all

25   causes of action contained therein. Defendant further denies that Plaintiff has sustained

26   any injury, damage, or loss by reason of any alleged act or omission of Defendant or any

27   of its employees or representatives.

28   ///

BERGER KAHN
A Law Corporation
7200 Redwood Blvd, Suite 325
Novato, CA 94945

FILED

AUG 0 8 2008

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Peterson, Deputy

---

Answer to Complaint            1                       Case No. CV 083419

For separate and distinct defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts – First Cause of Action)

The first cause of action alleging breach of contract fails to state sufficient facts to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts – Second Cause of Action)

The second cause of action alleging breach of the implied covenant of good faith and fair dealing fails to state sufficient facts to constitute a cause of action Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts – Third Cause of Action)

The third cause of action alleging declaratory relief fails state sufficient facts to constitute a cause of action against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts – Complaint)

The Complaint fails to state sufficient facts to constitute a cause of action against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes and thereon alleges that the Complaint and each and every purported cause of action therein are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes and thereon alleges that the Complaint and each and every purported cause of action therein are barred by the doctrine of waiver.

///

///

///

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

2

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

### SEVENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

Defendant is informed and believes and thereon alleges that the Complaint and each and every purported cause of action therein are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Defendant is informed and believes and thereon alleges that the Complaint and each and every purported cause of action therein are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

#### (Limitations Periods)

Defendant is informed and believes and thereon alleges that Plaintiff's causes of action, and each of them, against Defendant are barred by applicable limitations, including but not limited to the provisions of Code of Civil Procedure sections 337, 338, 339 and 343, and the limitation period in the alleged insurance policy.

### TENTH AFFIRMATIVE DEFENSE

#### (Comparative Fault/Negligence)

Defendant is informed and believes and thereon alleges that any loss, injury, damage or detriment suffered by Plaintiff was proximately caused by and/or contributed to by the acts, omissions and/or negligence of Plaintiff, Plaintiff's agents and/or third parties other than Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Defendant is informed and believes and thereon alleges Plaintiff and Plaintiff's agents failed to act reasonably to minimize, avoid or otherwise mitigate any loss, injury, damage, or detriment suffered by Plaintiff and, as a result, Plaintiff is barred or otherwise prevented from recovering damages from Defendant.

///

3

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure of Consideration/Failure to Perform)

Plaintiff's breach of contract claim fails for Plaintiff's failure of consideration or failure to perform.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach)

Defendant is informed and believes and thereon alleges that Plaintiff has breached the conditions of the insurance policy that is the subject of Plaintiff's Complaint. Plaintiff is thereby precluded from recovering the damages sought in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

Hartford's conduct in investigating, evaluating and seeking settlement of Plaintiff's subject claim for insurance benefits was privileged.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Attorney's Fees Recovery Barred)

Plaintiff's claims for attorneys' fees are barred by California Code of Civil Procedure Section 1021 (compensation of attorneys).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Uncertain Contract Damages Barred)

Defendant is informed and believes and thereon alleges that Plaintiff's purported claims for damages for breach of contract are not clearly ascertainable in both their nature and origin and are barred by California Civil Code Section 3301 (damages must be certain).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to State Facts – Punitive Damages)

Defendant alleges that the Complaint fails to state facts sufficient to warrant the imposition of punitive damages against this Defendant.

///

4

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Pre-Judgment Interest Unavailable)

As pled, Plaintiff's Complaint does not provide a statutory, legal or factual basis for the recovery of pre-judgment interest

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Amend)

Defendant reserves the right to amend this answer, to assert additional affirmative defenses and to supplement, alter or change this answer and defenses upon revelation of more definitive facts by Plaintiff and/or upon discovery and investigation in this matter.

WHEREFORE, Defendant HARTFORD CASUALTY INSURANCE COMPANY prays for judgment as follows:

1.    That Plaintiff take nothing by way of his Complaint;

2.    For costs of suit incurred herein; and

3.    For such other and further relief as the Court may deem just and proper.

DATED: August 8, 2008

BERGER KAHN
A Law Corporation

By: _____
ANN K. JOHNSTON
Attorneys for Defendant
Hartford Casualty Insurance Company

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

5

Answer to Complaint                                    Case No. CV 083419

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE BY MAIL

## (Code Civ. Proc. §§ 1013a(3) and 2015.5)

STATE OF CALIFORNIA            )
                               )  ss.
COUNTY OF MARIN                )

I, the undersigned, am employed in the County of Marin, State of California. I am over the age of 18 and not a party to the within action.

I am employed by Berger Kahn, A Law Corporation, whose business address is: 7200 Redwood Boulevard, Suite 325, Novato, CA 94945 (the "firm").

On August 8, 2008, I served the foregoing document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action by placing ☐ the original ☐ true copy(ies) thereof, enclosed in sealed envelope(s) with postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 7200 Redwood Boulevard, Suite 325, Novato, California 94945, addressed as follows:

Robert H. Staley, Esq.
Epstein, Englert, Staley & Coffey
425 California Street, 17th Floor
San Francisco, CA 94104
Tel: 415-398-2200
Fax: 415-398-6938

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 8, 2008, at Novato, California.

_Marla Tom_
MARLA TOM

BERGER KAHN
A Law Corporation
7200 Redwood Blvd, Suite 325
Novato, CA 94945

6

Answer to Complaint                                    Case No. CV 083419