ROBERT H. STALEY (SBN # 122101)
EPSTEIN, ENGLERT, STALEY & COFFEY
425 California Street, 17th Floor
San Francisco, CA 94104
Tel (415) 398-2200
Fax (415) 398-6938

Attorneys for ROMAN KOROLEV

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| ROMAN KOROLEV,<br><br>                        Plaintiff,<br><br>        v.<br><br>HARTFORD CASUALTY INSURANCE<br>COMPANY and DOES 1 through 50, inclusive,<br><br>                  Defendant. | Case No. CV 08 3809 SC<br><br>**STIPULATION TO FILE AMENDED COMPLAINT** |

WHEREAS, pursuant to Federal Rule of Civil Procedure 15, plaintiff intends to

File a First Amended Complaint adding William John Thompson dba Silver Creek Insurance

Agency as defendant Doe 1, as well as additional amendments related to this new defendant;

WHEREAS, the parties have met and conferred concerning the filing of such First

Amended Complaint;

WHEREAS, the parties hereto believe this Stipulation is in the best interest of judicial

economy;

1

1   THEREFORE, pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendant Hartford

2   Casualty Insurance Company, by and through its counsel of record, hereby consents to have

3   Plaintiff Roman Korolev file the First Amended Complaint attached hereto as **Exhibit A.**

4

5   **SO STIPULATED**:

6   Dated: February ___, 2009

7                                                **BERGER KAHN**

8                                                A Law Corporation

9                                                By: _____
                                                    Ann K. Johnston, Esq.

10                                               Attorneys for Defendant HARTFORD
                                                 CASUALTY INSURANCE COMPANY

11

12  Dated: February _6_, 2009

13                                               **EPSTEIN, ENGLERT, STALEY & COFFEY**

14                                               A Professional Corporation

15                                               By: _____
                                                    Robert H. Staley, Esq.

16                                               Attorneys for Plaintiff ROMAN KOROLEV

17

18                                  **COURT ORDER**

19      The foregoing stipulation having been considered by the Court, and good cause

20  appearing, plaintiff Korolev is hereby granted leave to file the First Amended Complaint

21  attached hereto as Exhibit A.

22

23  SO ORDERED:

24  Dated: February __10__ 2009

25                              IT IS SO ORDERED

26                              Judge Samuel Conti

27

28                                              2
    STIPULATION TO FILE FIRST AMENDED COMPLAINT

# Exhibit A

1

2 ROBERT H. STALEY (SBN # 122101)
EPSTEIN, ENGLERT, STALEY & COFFEY

3 425 California Street, 17th Floor
San Francisco, CA 94104

4 Tel (415) 398-2200
Fax (415) 398-6938

5

Attorneys for ROMAN KOROLEV

6

7 **UNITED STATES DISTRICT COURT**

8 **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

9 ROMAN KOROLEV,
| Case No. C-08-3809-SC

10
Plaintiff,
[PROPOSED] FIRST AMENDED
11
COMPLAINT FOR BAD FAITH; BREACH
OF CONTRACT; BREACH OF THE
v.
IMPLIED COVENANT OF GOOD FAITH
12
AND FAIR DEALING; NEGLIGENCE;
HARTFORD CASUALTY INSURANCE
BREACH OF FIDUCIARY DUTY; and
13
COMPANY; WILLIAM JOHN THOMPSON dba
DECLARATORY RELIEF
SILVER CREEK INSURANCE AGENCY; and
14
DOES 1 through 50, inclusive,

15
Defendant.

16

17   Plaintiff ROMAN KOROLEV hereby alleges as follows:

18   **GENERAL ALLEGATIONS**

19   1.    ROMAN KOROLEV ("KOROLEV") is, and at all times relevant hereto was, a

20   citizen of California, engaged in the business of furniture restoration in the County of Marin. At

21   all times relevant hereto, KOROLEV operated a furniture restoration business at 15-17 Joseph

22   Court, San Rafael, California (the "Premises").

23   2.    Defendant HARTFORD CASUALTY INSURANCE COMPANY

24   ("HARTFORD") is, and at all times relevant hereto was, a New Jersey Corporation, licensed to

25   do business as an insurer in the State of California and doing business in the County of Marin.

26   3.    Defendant WILLIAM JOHN THOMPSON previously named herein as Doe 1, is,

27   and at all times relevant hereto was a California resident, licensed to do business as an insurance

28   broker in the State of California and doing business in the State of California and County of

1

1  Marin as Northern California SILVER CREEK Insurance Agency ("SILVER CREEK").

2      4.     Arthur F. Hollingsworth is, and at all times relevant hereto was a California

3  resident, licensed to do business as an insurance broker in the State of California and doing

4  business in the State of California and City of Rohnert Park as Art Hollingsworth Insurance

5  Services ("Hollingsworth Insurance").

6      5.     At all times relevant hereto, Arthur Hollingsworth acted as a licensed agent of

7  HARTFORD, California Dept. of Insurance License No. 0352964, and was authorized to

8  transact insurance on its behalf in California.

9      6.     Defendants DOES 2-50, inclusive, are the fictitious names of those defendants

10  whose true names are unknown to KOROLEV and whose true capacities, whether as individuals,

11  corporations, partnerships, joint ventures, and/or associations are also unknown to KOROLEV

12  and when such true names are ascertained, KOROLEV will amend this Complaint by inserting

13  said true names in place of said fictitious names in accordance with Code of Civil Procedure.

14      7.     KOROLEV is informed and believes and thereon alleges that at all relevant times

15  herein each defendant was the principal, agent, joint venturer, partner, parent, subsidiary,

16  employee, or director of each other defendant and acted within the course and scope of that

17  relationship.

18      8.     On or about May 10, 2006, KOROLEV purchased, through SILVER CREEK,

19  HARTFORD Policy No. 57 SBM BMZ9253, ("the Policy"), a "Business Owners Policy"

20  KOROLEV purchased the Policy in connection with his furniture restoration business. The

21  policy period incepted on May 10, 2006 and is renewable on an annual basis.

22      9.     KOROLEV is informed and believes that SILVER CREEK obtained Korolev's

23  HARTFORD Policy in a transaction with HOLLINGSWORTH INSURANCE; that SILVER

24  CREEK provided its own address rather than KOROLEV's address, as the "insured's address" in

25  the Policy application submitted to HARTFORD through HOLLINGSWORTH INSURANCE,

26  and did so without KOROLEV's knowledge or approval.

27

28

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

10.     On or about April 5, 2006, KOROLEV paid the initial premium for the Policy in accordance with the instructions of SILVER CREEK by faxing to SILVER CREEK a check made payable to SILVER CREEK in the amount of $650.00.

11.     After tendering the premium, KOROLEV received a Certificate of Insurance for the Policy, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.  KOROLEV's only copy of the Policy itself was destroyed in the fire at the Premises that is the loss underlying this suit.  Despite making multiple written requests before filing this lawsuit, HARTFORD did not provide KOROLEV with another copy the Policy.

12.     At all times relevant hereto, Plaintiff has believed in good faith that he had renewed the Policy in or about April 2007 by faxing a check for the premium to SILVER CREEK in the same manner as when he paid for the initial premium.

13.     Prior to March 1, 2008, no one notified KOROLEV that the renewal payment had not been received by HARTFORD, that the Policy would be cancelled unless payment was received, or that that Policy had been cancelled for lack of payment. At all times prior to the fire which is the subject of suit, KOROLEV was led to believe that the Policy was in full force and effect.

14.     On or about March 1, 2008, a fire broke out at the Premises, injuring KOROLEV, destroying his business equipment, furnishings, and other possessions, destroying numerous pieces of furniture belonging to his clients, and damaging the Premises. KOROLEV is informed and believes that the fire also damaged other leased spaces and disrupted other business operations located within the building.

15.     Immediately following the fire, and while in the hospital being treated for burns suffered in the fire, KOROLEV asked SILVER CREEK to provide him evidence of his insurance coverage for the fire and SILVER CREEK sent him a Certificate of Insurance purportedly confirming his insurance coverage, a true and correct copy of which is attached hereto as Exhibit B. KOROLEV then tendered the fire claim to HARTFORD and SILVER CREEK. The tender was initially made orally and subsequently in writing.

3

16. In response to his oral and written tenders, HARTFORD orally informed KOROLEV that the Policy had been cancelled as a result of non-payment of the premium. However, HARTFORD never provided KOROLEV with a formal written denial of coverage, and never advised KOROLEV of his right to contest HARTFORD's denial of coverage.

17. After tendering his claim, KOROLEV received a notice of claim from Farmers Insurance dated April 22, 2008, relating to damages it allegedly paid to neighboring business Eduardo's Restaurant in the amount of $67,682.59 as a result of the fire. KOROLEV also received a notice of claim from Allied Insurance dated March 24, 2008, relating to damages it allegedly paid to KOROLEV's landlords Donald and Brenda MacLean in the amount of $71,543.16 as a result of the fire. Without admitting the truth of any claims contained therein, KOROLEV timely and in writing tendered these claims to HARTFORD under the Policy. True and correct copies of the Farmers Insurance and Allied Insurance claim notices are attached hereto as Exhibits C & D, respectively, and are incorporated herein by reference.

18. Prior to KOROLEV filing this suit, HARTFORD failed to acknowledge receipt of the claim notices from Allied and Farmers, and has likewise failed to acknowledge its contractual responsibility to indemnify KOROLEV for the alleged losses.

19. On March 25, 2008, KOROLEV, through his counsel, wrote to HARTFORD and requested a copy of the Policy, as well as a copy of HARTFORD's file relating to the Policy, including all correspondence related to the Policy. In the same letter of March 25, 2008, KOROLEV advised HARTFORD that KOROLEV had never received a notice of Policy cancellation from HARTFORD and asked HARTFORD to review the Policy records and verify the status of the Policy. Prior to KOROLEV filing this suit, HARTFORD failed to comply with this request.

20. Receiving no response, KOROLEV, through his counsel, renewed his request for a copy of the Policy and the related file in writing a second time on May 8, 2008, a third time on June 2, 2008, a fourth time on June 10, 2008, and a fifth time on June 23, 2008. Prior to KOROLEV filing this suit, HARTFORD failed to acknowledge or comply with any of

1  KOROLEV's multiple written requests for a copy of the Policy and the related file.

2      21.     On March 25, 2008, KOROLEV, through his counsel, wrote to SILVER CREEK

3  and requested a copy of its file related to the Policy.

4      22.     On or about April 20, 2008, KOROLEV received a copy of SILVER CREEK's

5  file related to his Policy. The file does not contain a notice of cancellation mailed to

6  KOROLEV. It does contain a June 12, 2007 letter from HARTFORD to "ROMAN KOROLVE"

7  and the recipient's address is identified as "675 N FIRST ST SUITE 690, SAN JOSE, CA

8  95112." The letter indicates that it was carbon copied to "ART HOLLINGSWORTH INS

9  SVCS/PHS." No other recipients or addressees are identified in that letter. The letter states that

10 HARTFORD had "initiated cancellation for nonpayment of premium" of KOROLEV's policy,

11 and advised that, "because we believe you may want to maintain this important protection, we

12 are offering to reinstate your coverage as of the cancellation effective date if we receive your

13 premium payment of $410.00 before 07/02/07. If we receive your payment before this date, we

14 will rescind this cancellation, reinstate your policy and continue your coverage without

15 interruption." A true and correct copy of the HARTFORD letter dated June 12, 2007 and

16 obtained from the SILVER CREEK file is attached hereto as Exhibit E and is incorporated

17 herein by reference.

18     23.     Enclosed with the June 12, 2007 HARTFORD letter is a document entitled

19 "NOTICE OF CANCELLATION (California)" which identifies the "NAME AND ADDRESS

20 OF INSURED" as "ROMAN KOROLVE, 675 N FIRST ST SUITE 690, SAN JOSE, CA 95112

21 and identifies the "NAME AND ADDRESS OF AGENT/BROKER" as "ART

22 HOLLINGSWORTH INS SVCS/PHS, 101 GOLF COURSE DRIVE STE 200, ROHNERT

23 PARK CA 94928." A true and correct copy of the "NOTICE OF CANCELLATION

24 (California)" is attached hereto as Exhibit F and is incorporated herein by reference.

25     24.     At all times relevant hereto, KOROLEV's address was 15-17 Joseph Court, San

26 Rafael, California, not 675 N First St., Suite 690, San Jose, CA. "675 N FIRST ST SUITE 690,

27 SAN JOSE, CA 95112" was and is the mail address for SILVER CREEK.

28

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

1      25.    KOROLEV never received or had any knowledge of the June 12, 2007

2  HARTFORD letter or the enclosed Notice of Cancellation, all of which were apparently sent to

3  SILVER CREEK at 675 No. First St., Suite 690, San Jose, CA.

4      26.    Without KOROLEV'S knowledge or consent, SILVER CREEK identified its own

5  business mailing address in documents it submitted to HOLLINGSWORTH INSURANCE,

6  where such documents called for the identification of the Policyholder's or the Named Insured's

7  mailing address. Consequently, HARTFORD sent its letters and cancellation notices to SILVER

8  CREEK, not to KOROLEV.  KOROLEV never received the letters and cancellation notices from

9  HARTFORD, SILVER CREEK or anyone else, and consequently KOROLEV was never put on

10  notice that the Policy renewal premium had not been paid, that the Policy was ever in danger of

11  being cancelled, or that the Policy was purportedly cancelled for non-payment of the renewal

12  premium.

13      27.    KOROLEV is informed and believes that SILVER CREEK, as part of an ongoing

14  and established business practice of procuring HARTFORD insurance policies through

15  HOLLINGWORTH INSURANCE, routinely identified its own mailing address (as opposed to

16  the insured's mailing address) in insurance application documents submitted to

17  HOLLINGSWORTH INSURANCE, where such documents called for the identification of the

18  Policyholders' or the Named Insureds' mailing address.

19      28.    As a direct result of SILVER CREEK'S failure to provide KOROLEV's correct

20  address, KOROLEV never received HARTFORD's written notices and other Policy-related or

21  other correspondence intended for KOROLEV.

22      29.    KOROLEV is informed and believes that HOLLINGSWORTH INSURANCE

23  knew or should have known 1) that SILVER CREEK was routinely providing SILVER

24  CREEK'S mailing address - instead of the policy applicant's mailing address - as the ""Named

25  Insured's" address on these applications; 2) that the mailing address SILVER CREEK provided

26  for KOROLEV was incorrect, and 3) that HOLLINGSWORTH INSURANCE'S failure to obtain

27  the correct mailing addresses would result in HARTFORD's written notices and other policy-

28

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

1    related or other correspondence intended for KOROLEV from being sent to KOROLEV.

2        30.    KOROLEV reasonably relied on SILVER CREEK to provide accurate

3    information in connection with procuring insurance coverage for KOROLEV.

4        31.    On May 8, 2008, KOROLEV, through his counsel, notified HARTFORD that its

5    June 12, 2007 letter with the enclosed Notice of Cancellation was sent to the wrong address and

6    never received by KOROLEV, and sent HARTFORD a copy of the Notice of Cancellation with

7    the wrong addresses. The fax confirmation sheet notes that the fax was properly transmitted.

8    HARTFORD never acknowledged receipt of the fax or responded. When KOROLEV, through

9    counsel, followed up for a response, HARTFORD denied having received the May 8, 2008 fax.

10   On May 15, 2008, KOROLEV, through his counsel, again sent HARTFORD the improperly-

11   addressed Notice of Cancellation -- this time by email. Again, HARTFORD failed to respond or

12   acknowledge receipt of the email.

13       32.    On May 20, 2008, KOROLEV, through his counsel, asked HARTFORD to

14   confirm receipt of the email of May 15, 2008. On May 20, 2008, HARTFORD claims adjuster

15   Karen Lee acknowledged receipt of the May 15, 2008 email and wrote, "I will get back to you in

16   regards to the status by early next week." Neither Karen Lee nor any other HARTFORD

17   representative responded to KOROLEV's counsel the following week.

18       33.    On June 2, 2008, KOROLEV, through his counsel, notified HARTFORD in

19   writing that 1) it had failed to provide any response or any status update as it had promised; and

20   2) that a lawsuit against HARTFORD would be filed after June 6, 2008 unless HARTFORD

21   either agreed to provide coverage to KOROLEV under the Policy or explain in writing why it

22   was not obligated to do so. HARTFORD failed to respond.

23       34.    On June 10, 2008, KOROLEV, through his counsel, again notified HARTFORD

24   in writing that it had failed to either provide coverage under the Policy or explain why it was not

25   obligated to do so, and asked for an update in writing by June 11, 2008, as to all actions

26   HARTFORD has taken to investigate this matter and what remained to be done to reach a

27   coverage determination, as well as an update on the status of the previous unanswered requests.

28

1    HARTFORD failed to respond.

2        35.    Despite KOROLEV's prompt tender and diligent efforts to have HARTFORD

3    verify his entitlement to coverage under his Policy and California law, HARTFORD has

4    wrongfully and unreasonably 1) orally denied coverage for the loss; 2) failed to advise

5    KOROLEV of his legal rights to challenge its initial oral denial of coverage; 3) wrongfully and

6    unreasonably failed to promptly investigate KOROLEV's reasonable assertion that he was not

7    provided the Notice of Cancellation; 4) failed and refused to acknowledge responsibility to

8    resolve the claims asserted against KOROLEV by Farmers Insurance and Allied Insurance; 5)

9    failed and refused to provide KOROLEV a copy of his own Policy despite multiple written

10   requests; 6) failed to acknowledge and respond reasonably promptly to KOROLEV's

11   communications; and 7) failed to acknowledge KOROLEV's entitlement to coverage under the

12   Policy after it became clear that KOROLEV was not sent the Notice of Cancellation or given

13   advance notice that HARTFORD had not received his premium payment.

14                                          **I.**

15                           **FIRST CAUSE OF ACTION**

16                  **(Breach of Written Contract as Against HARTFORD)**

17       36.    KOROLEV hereby incorporates by reference the allegations contained in the

18   proceeding paragraphs as though fully set forth herein.

19       37.    At all times herein mentioned HARTFORD, orally and in writing, in the Policy

20   and through advertising and sales materials, brochures, pamphlets and booklets, represented that

21   claims submitted under said insurance policies would be indemnified.

22       38.    At all times herein mentioned the Policy was issued for good and valuable

23   consideration and said Policy was kept in full force and effect by reason of the fact that

24   KOROLEV paid the initial premium on said Policy, HARTFORD accepted payment of the

25   premium, and HARTFORD did not provide notice of cancellation of the Policy in compliance

26   with California law, including, but not limited to, Insurance Code section 677.2.

27       39.    KOROLEV has performed all conditions, covenants and promises required of him

28

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

1  in accordance with the terms and conditions of the Policy.

2        40.    HARTFORD was timely notified, orally and in writing, of the losses incurred by

3  KOROLEV and the claims being asserted by third parties, and was requested to indemnify

4  KOROLEV for his losses and the claims of damage by the third parties.

5        41.    At all times herein mentioned HARTFORD was, pursuant to the terms of the

6  Policy and California law, obligated to honor the aforementioned tenders of indemnity by

7  KOROLEV.

8        42.    HARTFORD materially breached its contractual obligations under the Policy by

9  its actions and failure to act as alleged above.

10        43.    As a direct and proximate result of HARTFORD's material breach of the Policy,

11  KOROLEV has been damaged and continues to be damaged in an amount equal to the benefits

12  due under the Policy, together with interest thereon, all in an amount to be proven at trial but in

13  no event less than $150,000, as well as other costs and expenses, including attorney's fees

14  incurred because of the necessity of bringing this legal action to recover the benefits due under

15  the Policy.

16        WHEREFORE, KOROLEV prays for judgment as set forth below.

17  **II.**

18  **SECOND CAUSE OF ACTION**

19  **(Bad Faith Breach of the Implied Covenant of Good Faith and Fair
Dealing as against HARTFORD)**

20

21        44.    KOROLEV hereby incorporates by reference the allegations contained in the

22  proceeding paragraphs as though fully set forth herein.

23        45.    The Policy includes an implied covenant of good faith and fair dealing whereby

24  HARTFORD impliedly covenanted that it would deal with KOROLEV fairly and honestly and

25  do nothing to impair, interfere with, hinder or potentially injure his rights to receive the benefits

26  of the Policy.

27        46.    HARTFORD breached the covenant of good faith and fair dealing owed to

28  KOROLEV by its conduct, including, but not limited to, the following:

9

a.     Unreasonably and consciously refusing to honor KOROLEV's tender of the losses under the Policy, knowing that the failure to properly honor KOROLEV's tender was contrary to established law and the terms of the Policy;

b.     Unreasonably and consciously refusing to honor KOROLEV's request for indemnity once it became clear that KOROLEV's right to the benefits under the Policy was and is valid;

c.     Unreasonably and consciously failing to advise KOROLEV of his legal right to challenge its initial denial of coverage, knowing that its failure to do so was contrary to established law and the terms of the Policy;

d.     Unreasonably and consciously refusing to provide KOROLEV a copy of his own Policy, despite multiple requests, knowing that its failure to do so was contrary to established law and the terms of the Policy;

e.     Unreasonably and consciously failing to properly and timely investigate KOROLEV's claim carefully, honestly, fairly and with due care;

f.     Refusing to proceed with an adequate and prompt investigation of the liability claims asserted against KOROLEV by Allied Insurance and Farmers Insurance;

g.     Unreasonably and consciously failing to acknowledge and respond reasonably and promptly to communications and requests for documents and information from KOROLEV.

h.     Unreasonably and consciously failing to process diligently and honor KOROLEV's request for indemnity, thereby causing KOROLEV to incur detriment to his business interests and subjecting KOROLEV to the exposure to liability claims asserted by Allied Insurance and Farmers Insurance; and

47.     As a direct and proximate result of HARTFORD's bad faith breach of the implied covenant of good faith and fair dealing KOROLEV has been damaged in an amount to be determined at trial. KOROLEV'S damages include, without limitation, the amount of the lost benefits under the Policy, the injury to KOROLEV's business interests, the emotional distress he

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

1   has endured as a result of HARTFORD's invalid denial of coverage and unconscionable delay in

2   evaluating and responding to evidence establishing his coverage, and the attorneys' fees and

3   other costs incurred because of the necessity of bringing this action to recover the benefits due

4   under the Policy.

5         48.    HARTFORD's failure to honor KOROLEV's tender related to the fire was

6   without just or reasonable cause, and HARTFORD knew or should have known that its actions

7   were contrary to California law and the terms and conditions of the Policy.

8         49.    In breaching the covenant of good faith and fair dealing, HARTFORD acted

9   willfully, fraudulently, maliciously, oppressively, with conscious disregard of KOROLEV's

10  rights and with the intent to vex, annoy, harass and injure KOROLEV and, therefore,

11  KOROLEV is entitled to recover for exemplary damages in an amount sufficient to deter similar

12  conduct in the future by HARTFORD.

13        WHEREFORE, KOROLEV prays for judgment as set forth below.

14  **III.**

15  **<u>THIRD CAUSE OF ACTION</u>**

16  **(Declaratory Relief as Against HARTFORD)**

17        50.    KOROLEV hereby incorporates by reference the allegations contained in the

18  proceeding paragraphs as though fully set forth herein.

19        51.    An actual controversy exists between KOROLEV and HARTFORD concerning

20  whether the Policy was properly cancelled in accordance with California law, and KOROLEV's

21  rights to coverage under the Policy for the losses and claims arising out of the fire at the

22  Premises. KOROLEV contends that the Policy was not cancelled, that it remained in force and

23  effect at the time of the fire, that it provided coverage for the claims arising out of the fire,

24  including the claims asserted by Farmers Insurance and Allied Insurance, as well as business

25  interruption coverage for KOROLEV, and that KOROLEV is entitled to all benefits due under

26  the terms and conditions of the Policy. On the other hand, HARTFORD contends that the Policy

27  was cancelled and that KOROLEV is not entitled to coverage of any kind under the Policy.

28

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

1    52.    KOROLEV desires a judicial determination of his rights and obligations,

2  including 1) a determination that the Policy was not cancelled and remained in force and effect at

3  the time of the fire; and 2) a determination that the Policy does in fact provide coverage for the

4  losses and claims arising out of the fire at the Premises, including without limitation the claims

5  asserted by Farmers Insurance and Allied Insurance are covered under the Policy.

6    53.    A judicial declaration is necessary and appropriate at this time under the

7  circumstances in order that KOROLEV may ascertain his rights to obtain coverage under the

8  Policy for the claims and losses arising out of the fire at the Premises.

9    WHEREFORE, Plaintiff prays for judgment as set forth below.

10

## IV.

11

## FOURTH CAUSE OF ACTION

12

### (NEGLIGENCE as Against SILVER CREEK)

13    54.    KOROLEV hereby incorporates by reference the allegations contained in the

14  proceeding paragraphs as though fully set forth herein.

15    55.    In acting as KOROLEV's insurance broker in connection with the purchase of the

16  Hartford Policy, owed a duty of care to KOROLEV.

17    56.    In acting or failing to act, as alleged herein, SILVER CREEK breached its duty of

18  care by, among other things:

19        a.  Failing to provide KOROLEV'S correct address with the insurance

20            application information submitted to procure the Policy.

21        b.  Failing to forward to KOROLEV all communications from HARTFORD

22            related to the Policy, including the letters and notices related to the intent to

23            cancel the Policy and the purported cancellation of the Policy.

24    57.    As a direct and proximate result of SILVER CREEK's breach of its duty of care,

25  KOROLEV has been harmed in that HARTFORD has denied his tender of the fire claims on the

26  ground that the Policy was cancelled.

27

28

**V.**

**FIFTH CAUSE OF ACTION**

**(BREACH OF FIDUCIARY DUTY as Against SILVER CREEK)**

58.     KOROLEV hereby incorporates by reference the allegations contained in the proceeding paragraphs as though fully set forth herein.

59.     In brokering KOROLEV's purchase of the insurance Policy, SILVER CREEK served as KOROLEV's agent and owed KOROLEV a fiduciary duty to use the requisite professional skill, expertise and attention in purchasing the Policy.

60.     In acting or failing to act, as alleged herein, SILVER CREEK breached its fiduciary duty by, among other things:

        a.   Failing to provide KOROLEV'S correct address with the insurance application information submitted to procure the Policy.

        b.   Failing to forward to KOROLEV all communications from HARTFORD related to the Policy, including the letters and notices related to the intent to cancel the Policy and the purported cancellation of the Policy.

61.     As a direct and proximate result of SILVER CREEK's breach of fiduciary duty, KOROLEV has been harmed in that HARTFORD has denied his tender of the fire claims on the ground that the Policy was cancelled.

WHEREFORE, KOROLEV prays for judgment as set forth below.

**PRAYER**

KOROLEV prays for judgment against HARTFORD and SILVER CREEK as follows:

1.     For compensatory damages according to proof;

2.     For attorney's fees and costs incurred in the instant action;

3.     For interest to be calculated from the date of the breach of contract;

4.     For exemplary damages in a sum sufficient to deter similar misconduct in the future;

13

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

1     5.     For such other and further relief from all defendants as the Court may deem just

2  and proper.

3     KOROLEV further prays for judgment against HARTFORD as follows:

4     6.     For a judicial declaration of the parties' rights and obligations, including 1) a

5  determination that the Policy was not cancelled and remained in force and effect at the time of

6  the fire; and 2) a determination that the Policy does in fact provide coverage for the losses and

7  claims arising out of the fire at the Premises.

9  DATED:  February 5, 2009          EPSTEIN, ENGLERT, STALEY & COFFEY,
                                  A Professional Corporation

11                         By: _____

12                             Robert H. Staley
                             Attorneys for Plaintiff
                             ROMAN KOROLEV

COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND DECLARATORY RELIEF

# Exhibit A

# ACORD™  CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
05/10/2006

| PRODUCER | |
|---|---|
| Silver Creek Insurance<br>675 N. First St., Suite 690<br>San Jose, CA 95112<br>408-998-7300 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

| | | |
|---|---|---|
| | **INSURERS AFFORDING COVERAGE** | **NAIC#** |
| **INSURED**  ROMAN A. KOROLEV | INSURER A: HARTFORD CASUALTY | |
| | INSURER B: | |
| 17 JOSEPH CT | INSURER C: | |
| SAN RAFAEL, CA 94903 | INSURER D: | |
| 415-479-3664 | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADDL INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | **GENERAL LIABILITY**<br>X  COMMERCIAL GENERAL LIABILITY<br>CLAIMS MADE  X  OCCUR | 57 SBM BZ9253 | 05/10/06 | 05/10/07 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $  300,000 |
| | | | | | | MED EXP (Any one person) | $  10,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER:<br>POLICY   PRO-JECT   LOC | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | **AUTOMOBILE LIABILITY**<br>ANY AUTO<br>ALL OWNED AUTOS<br>SCHEDULED AUTOS<br>HIRED AUTOS<br>NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY**<br>ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN     EA ACC<br>AUTO ONLY:     AGG | $<br>$ |
| | | **EXCESS/UMBRELLA LIABILITY**<br>OCCUR     CLAIMS MADE<br>DEDUCTIBLE<br>RETENTION     $ | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS     OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br><br>AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)                                                                 © ACORD CORPORATION 1988

# Exhibit B

Mar 04 08 12:45p                 4089987373        p.1

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

DATE(MM/DD/YY): 03/04/2008

| PRODUCER | |
|---|---|
| Silver Creek Insurance<br>675 N. First St., Suite 690<br>San Jose, CA 95112<br>408-998-7300 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

| INSURED | INSURERS AFFORDING COVERAGE | NAIC# |
|---|---|---|
| ROMAN A. KOROLEV<br><br>17 JOSEPH CT<br>SAN RAFAEL, CA 94903<br>415-479-3664 | INSURER A: HARTFORD CASUALTY | |
| | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | GENERAL LIABILITY<br>X COMMERCIAL GENERAL LIABILITY<br>CLAIMS MADE X OCCUR | 57 SBA AV0415 | 05/10/07 | 05/10/08 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $300,000 |
| | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER<br>POLICY PRO-JECT LOC | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | AUTOMOBILE LIABILITY<br>ANY AUTO<br>ALL OWNED AUTOS<br>SCHEDULED AUTOS<br>HIRED AUTOS<br>NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY<br>ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN EA ACC<br>AUTO ONLY: AGG | $<br>$ |
| | | EXCESS/UMBRELLA LIABILITY<br>OCCUR CLAIMS MADE<br><br>DEDUCTIBLE<br>RETENTION $ | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | OTHER | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

DONALD MACLEAN AND BRENDA MACLEAN ARE LISTED AS ADDITIONAL INSURED AND CERTIFICATE HOLDERS ON THE ABOVE POLICY.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| DONALD MACLEAN<br>BRENDA MACLEAN<br>17 JOSEPH COURT<br>SAN RAFAEL, CA 94903 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)                © ACORD CORPORATION 1988

# Exhibit C

 **FARMERS**

National Document Center
P.O. Box 268992
Oklahoma City, OK 73126-8992
claimsdocuments@farmersinsurance.com
Fax : 877-217-1389

04/22/2008
Roman Korolev
10 Professional Center Parkway #5
San Rafael, CA  94903

Re: Our Insured:          - Eduardos Restaurant
Loss Date:                03/01/2008
Claim Number:             099 SUB 1011678128-1
Total Amount Owed:        $67,682.59

Dear Roman Korolev:

A review of the facts of the loss indicated that our insured is entitled to recover damages from you.  Therefore, we have the right to make claim for these damages on our insured's behalf.

This letter is to notify you of our subrogation rights and to advise you that no one has the authority to give you a release for our interest except a representative of this company. If you carried liability insurance to protect you for such losses, we shall present our claim to your company.  Please complete the following information and return to us:

Insurance Carrier: _____
Policy Number: _____ Claim Number: _____
Contact Name: _____ Phone: (____)_____

If you did not carry insurance, we will look to you for payment of our claim.  Please be aware that no partial payment that is less than the full amount claimed herein will be considered in any way an acceptance of benefits, a notation or accord and satisfaction of this claim without an express written release of our claim executed by an individual who is a member of our subrogation department.  Therefore, our legal rights to enforce collection on the remaining amount of claim shall not be waived or estopped due to a partial payment by you or someone acting on your behalf.

Sincerely,
Truck Insurance Exchange

*Robin Butler*

Robin Butler
Commercial Property Claims Representative
512-533-8834
robin.butler@farmersinsurance.com

# Exhibit D

Apr 02 08 12:33p      User1        *Korlev*                    4154793664              p.1



**Allied**
Insurance
a Nationwide® company
On Your Side®
Nationwide Mutual Insurance Company
Pacific Coast Regional Office
3820 109th St Dept 5577
Des Moines, IA 50391-5577
Phone: 800-552-2437/Fax: 800-742-1341

MARCH 24, 2008

25878
WHITECAP INSURANCE SERVICES
SAN RAFAEL CA 94901-1838

Return to:

ROMAN A KORLEV

10 PROFESSIONAL CENTER PKWY #5
SAN RAFAEL, CA 94903

78  CLM
MAIL DISTRIBUTION DEPT.
P O BOX 10405
DES MOINES IA 50306-9475

----------------------------------------------- fold here -----------------------------------------------

Claim No.: 84P20236
Our Insured: DONALD MACLEAN
            BRENDA MACLEAN
Date of Loss:  03/01/08
Location of Loss:  4200 REDWOOD HWY, SAN RAFAEL, CA

The insured named above has their insurance through this company for the loss they incurred on the above date. The insurance policy subrogation provision allows us to collect payments we make to our insured from the individual at fault. Our investigation indicates that the damages resulted from A FIRE IN YOUR UNIT

The total amount of damages for this claim is $ PENDING    . Our company has made payment to our insured in the amount of $71543.16    . Our insured has paid $500.00    , which represents their deductible under the provisions of their policy.

Please return this letter to our office with the statement completed regarding your insurance coverage. For your convenience, we have furnished a postage-paid envelope to assist you in returning this form.

If you have insurance, we will communicate with your insurance carrier for repayment. If you do not have insurance, please contact this office to make arrangements for repayment.

If you have any questions, please call using the toll-free number listed above. Thank you for your cooperation and assistance.

FOREST DEJONG PRO 707-664-8184
Claim Department, ext.
Nationwide Mutual Insurance Company

### STATEMENT OF INSURANCE COVERAGE

☐ I do not carry any insurance which may apply

☐ My Insurance Company is:        _____

Policy No:        _____

Agent Name:        _____

Agent Address:        _____

Agent Phone No:        _____

Signature: _____        Date: _____

11611 (07-03)

# Exhibit E

The Hartford
Commercial Billing
P.O. Box 620
New Hartford NY 13413-6200


THE
HARTFORD

57SBMBZ9253
ROMAN KOROLVE
675 N FIRST ST SUITE 690
SAN JOSE, CA  95112

June 12, 2007

RE:   Account Number:  57 11661406
      Policy Number:    57SBMBZ9253

The Hartford has initiated cancellation for nonpayment of premium of Direct Bill Account Number 57 11661406.

However, because we believe you may want to maintain this important protection, we are offering to reinstate your coverage as of the cancellation effective date if we receive your premium payment of $410.00 before 07/02/07. If we receive your payment before this date, we will rescind this cancellation, reinstate your policy and continue your coverage without interruption.

By choosing the convenience and security of automatic electronic payment withdrawals you can avoid worrying about checks, postage, late payments, late fees and even a lapse in your valuable insurance coverage. Please call our toll free number 1-866-467-8730 Monday through Friday to make payment and sign up for the Repetitive Electronic Payment Program (EFT) or mail payment to:

                    THE HARTFORD
                    P.O.BOX 5556
                    HARTFORD, CT 06102-5556

Please allow for sufficient mailing time for us to receive the payment by the date shown above.

cc:   ART HOLLINGSWORTH INS SVCS/PHS

# Exhibit F

## NOTICE OF CANCELLATION

### (California)

| | |
|---|---|
| **NAME AND ADDRESS OF INSURANCE COMPANY** | **KIND OF POLICY:** Business Owners |
| HARTFORD CASUALTY INSURANCE COMPANY | **POLICY/APPLICATION/BINDER NO.:** 57SBMBZ9253 |
| HARTFORD PLAZA | |
| HARTFORD, CT 06115 | **EFFECTIVE DATE** 07/03/07   12:01 A.M. |
| | **OF NOTICE:** DATE   (HOUR STANDARD TIME AT THE ADDRESS OF THE INSURED) |
| **NAME AND ADDRESS OF INSURED** | **DATE OF MAILING:** June 12, 2007 |
| ROMAN KOROLVE | |
| 675 N FIRST ST SUITE 690 | **NAME AND ADDRESS** ART HOLLINGSWORTH INS SVCS/PHS |
| SAN JOSE, CA 95112 | **OF AGENT/BROKER:** 101 GOLF COURSE DRIVE STE 200 |
| | ROHNERT PARK  CA  94928 |

(Applicable Item marked "X")

**Cancellation**

[X]  You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above.

[X]  Reason for cancellation: Nonpayment of premium

See the "Important Notices" section below for other information that may apply.

**Important Notices**

[ ]  Automobile Assigned Risk Plan Information: Pursuant to Section 652 of the Insurance Code you are hereby notified that:
1. The California Automobile Assigned Risk Plan provides a means by which applicants for automobile bodily injury and property damage liability insurance may be assigned to an insurer authorized to transact liability insurance.
2. If you are unable to procure such insurance through ordinary methods and you are in good faith eligible for such insurance in accordance with the standards of the Plan, it is possible for you to obtain it through the Plan.
3. Application forms for insurance through the Plan may be obtained from and submitted through (a) any licensed insurance agent or broker or (b) the Plan itself at P.O Box 7917, San Francisco, CA 94120-7917.

[X]  California FAIR Plan Association: You have been notified herewith that this Company will no longer be carrying your insurance. If you wish to replace your policy you should make an effort to obtain insurance through another company in the voluntary market. If you have difficulty in procuring replacement coverage in the voluntary market, you possibly may obtain basic fire insurance coverage through the California Fair Plan Association. Insurance through the Association is available only in certain areas of the state. For further information or assistance in obtaining basic property insurance through the FAIR Plan, please contact your agent or broker or the Plan at 1-213-487-0111 or 1-800-339-4099 (in California only).

*Alice E Smith*

_____
Authorized Representative